# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA CHATTEN-BARKLEY,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR,<br><br>    Respondent. | Case No. 1:21-cv-01714-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF No. 6) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

In the instant petition for writ of habeas corpus, Petitioner challenges the California Department of Corrections and Rehabilitation's failure to allow her to file a request under California Penal Code section 1389[1] to resolve her out-of-state detainer. (ECF No. 1.)

---

[1] The Interstate Agreement on Detainers ("IAD"), codified by California Penal Code section 1389, is "an agreement between California, 47 other states, and the federal government. It facilitates the resolution of detainers, based on untried indictments, informations or complaints in one jurisdiction, lodged against persons who have 'entered upon a term of imprisonment' in another jurisdiction." People v. Lavin, 88 Cal. App. 4th 609, 612 (2001) (quotation marks and citation omitted). The "IAD establishes a procedure by which a prisoner against whom a detainer has been lodged may demand trial within 180 days of a written request for final disposition[.]" Id. (quotation marks and citation omitted).

1

Respondent has filed a motion to dismiss the petition for failure to name a proper respondent, mootness, lack of federal subject matter jurisdiction, and nonexhaustion. (ECF No. 6.) To date, Petitioner has not filed an opposition or statement of nonopposition to the motion to dismiss, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Mootness

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, Petitioner asserts that the California Department of Corrections and Rehabilitation ("CDCR") is preventing her from filing a request under California Penal Code section 1389 to have her out-of-state detainer resolved. However, Petitioner has been released from CDCR custody. (ECF No. 6 at 8.)[2] Given that Petitioner is no longer in CDCR custody and thus, not suffering from an actual injury traceable to Respondent and likely to be redressed by a favorable judicial decision, the Court finds that no case or controversy exists and the petition should be dismissed as moot.[3]

### B. Failure to Prosecute

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

[3] In light of this determination, the Court will not address the other grounds for dismissal in Respondent's motion to dismiss.

to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

It is Petitioner's responsibility to keep the court advised of her current address at all times. If mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the Court within sixty-three days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). On February 15, 2022, a court order mailed to Petitioner was returned to the Court as "undeliverable." Petitioner has not notified the Court of her current address. It has been over sixty-three days since mail was returned by the U.S. Postal Service as undeliverable. Therefore, the petition should also be dismissed for failure to prosecute.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 6) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 23, 2022**

UNITED STATES MAGISTRATE JUDGE