UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA CHATTEN-BARKLEY,<br><br>             Petitioner,<br><br>   v.<br><br>CDCR,<br><br>             Respondent. | No. 1:21-cv-01714-ADA-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 6, 8) |

     Petitioner Melissa Chatten-Barkley is proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On August 24, 2022,[1] the Magistrate Judge issued findings and recommendations recommending that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed for mootness and failure to prosecute. (ECF No. 8.) The findings and recommendations were served on Petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. To date,

---

[1] The findings and recommendations were signed August 23, 2022 and docketed August 24, 2022.

no objections have been filed, and the time for doing so has passed.[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court holds the findings and recommendation to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 24, 2022, (ECF No. 8), are adopted, in full;
2. Respondent's motion to dismiss, (ECF No. 6), is granted;
3. The petition for writ of habeas corpus is dismissed;
4. The Clerk of Court is directed to close the case; and

///

///

///

---

[2] On September 13, 2022, the United States Postmaster returned the findings and recommendations to the Court as undeliverable. The returned mailed included the notation, "Undeliverable, Refused/Inactive." Plaintiff has not filed a notice of change of address. Pursuant to Local Rule 182(f), "[a]bsent such notice, service of documents at the prior address of the . . . pro se party shall be fully effective."

    5.   The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   November 1, 2022

UNITED STATES DISTRICT JUDGE